IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|   |   |   |
|---|---|---|
| ALEXANDER MEJIA, | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-3040-B/V |
| MARK LUTTRELL, JR., et al., | X | |
| Defendants. | X | |

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Alexander Mejia, Tennessee Department of Correction prisoner number 381530, who was, at the time he commenced this action, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on December 20, 2004 in connection with his previous confinement at the Shelby County Criminal Justice Center ("Jail") in Memphis, where his booking number was 03129061. On March 16, 2005, plaintiff notified the clerk that he had been transferred to the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee.[1] The Clerk shall record the defendants as Shelby County Sheriff Mark

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.



Luttrell and M. Love, who works in the Jail's Inmate Grievance Department.

I. <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[2] The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an <u>in forma pauperis</u> affidavit containing a certification by the trust fund officer, but he has not submitted a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order plaintiff file a trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account

---

[2] Because this action was filed prior to March 7, 2005, the new $250 civil filing fee is inapplicable.

2

are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change

3

of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. <u>Analysis of Plaintiff's Claims</u>

The complaint alleges that, on an unspecified date, plaintiff was bitten in the eye by a spider and then denied proper medical care for his eye. As the result, plaintiff alleges that he suffered permanent damage to his eyes. Moreover, plaintiff asserts that he has other medical problems that went untreated, including foot infections that resulted in permanent damage to the plaintiff's ability to walk. The complaint seeks compensatory and punitive damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without

4

demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

5

In this case, the plaintiff apparently filed a grievance (No. 50668) on or about September 2, 2004 in which he complained that he was bitten on the eye on January 30, 2004 and had surgery on his eye on June 25, 2004. The grievance complained about the allegedly excessive delay and the failure to provide him with prescription eyeglasses. Defendant Love responded in a memorandum dated September 20, 2004, which stated:

> After receiving your complaint, medical shows that you were assisted with your needs concerning your spider bite. As for your eye appointments, you were seen by the doctor at this facility who recommended that you go to an eye specialist. This facility is not responsible for providing you with eye wear. The medical physicians might have provided you with a prescription for glasses and it is your responsibility to buy them.

The plaintiff has submitted no evidence that he appealed the outcome of this grievance. Moreover, this grievance does not name the individual defendants, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504.[3] Accordingly, the plaintiff has failed to demonstrate that he exhausted this aspect of his claim.

---

[3] The plaintiff also submitted additional documents about the spider bite, including health service request forms. These documents have no bearing on the plaintiff's exhaustion of his administrative remedies, which require the filing of a formal inmate grievance. Curry, 249 F.3d at 504 ("an investigation by a prison Use of Force Committee will not substitute for exhaustion through the prison's administrative grievance procedure"); Freeman v. Francis, 196 F.3d at 644-45 (investigation by prison Use of Force committee and state highway patrol insufficient).

6

Plaintiff also submitted a copy of a grievance (Grievance No. 49494) that he contends he submitted on or about September 19, 2004 in which he complained that his foot was swollen. Nothing on the face of the grievance indicates that it was received by Jail officials, however. Accordingly, the plaintiff has not satisfied his burden of demonstrating that he exhausted his administrative remedies with respect to this claim.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489.[4] Accordingly, the plaintiff's complaint is subject to dismissal in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2). Certain aspects of plaintiff's complaint are subject to dismissal.

---

[4] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Id.

First, plaintiff has no claim against Shelby County or defendant Love due to their alleged failures to provide adequate responses to his grievances. Although 42 U.S.C. § 1997e(a) imposes a statutory requirement that prisoners exhaust their administrative remedies before filing lawsuits, misfeasance or malfeasance by prison officials in connection with the grievance process is not grounds for an independent cause of action. See 42 U.S.C. § 1997e(b) ("The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title."); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Second, the complaint contains no factual allegations about defendants Luttrell and Love. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Third, defendant Luttrell cannot be held liable on the basis of his position as Shelby County Sheriff. There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

8

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates yet fails to act generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d at 300; Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint is devoid of allegations that any defendant "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of a defendant's failure to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tennessee, 103 F.3d 495, 511-12 (6th Cir. 1996). Moreover, that standard is not satisfied by allegations that a defendant mishandled the plaintiff's grievance or failed to intervene on his behalf. Shehee, 199 F.3d at 300. Accordingly, even if it were assumed that the plaintiff was denied adequate medical care, defendant Luttrell would not be liable to him.

The complaint also does not state an Eighth Amendment claim.[5] The Eighth Amendment prohibits cruel and unusual punishment.

---

[5] Convicted inmates' rights stem from the Eighth Amendment, while pre-trial detainees' rights stem from the Fourteenth Amendment. Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). The scope of a detainee's Fourteenth Amendment rights are equivalent to that of a convicted inmate under the Eighth Amendment. Thompson, 29 F.3d at 242; Roberts, 773 F.2d at 723; see also Rankin v. Klevenhagen, 5 F.3d 103, 107 (5th Cir. 1993); Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993). See generally Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Vineyard v. County of Murray, 990 F.2d 1207, 1211-12 (11th Cir. 1993); Gilland v. Owens, 718 F. Supp. 665, 682-83 (W.D. Tenn. 1989). In this case, it is not clear whether the plaintiff was a pretrial detainee at the time of the incident in question. As the scope of his rights are equivalent in any event, the Court will analyze his claims under Eighth Amendment principles.

See generally Wilson v. Seiter, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

The Eighth Amendment proscription of cruel and unusual punishment prohibits prison authorities from displaying deliberate indifference to the serious medical needs of prisoners, because such indifference constitutes the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Thus a claim for denial of medical care under Estelle consists of both an objective and a subjective component: the seriousness of the medical need (objective component) and the deliberate indifference of the prison authorities (subjective component).

"A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th

10

Cir. 1980) (quoting <u>Laaman v. Helgemoe</u>, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To establish deliberate indifference the inmate must show that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." <u>Id.</u> at 835. Thus,

> <u>[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.</u> This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

<u>Id.</u> at 837-38 (emphasis added; citations omitted).

Although the plaintiff's claim that he suffered a spider bite to his eye satisfies the objective component of an Eighth Amendment violation, nothing in the complaint or its attachments demonstrates that prison officials were deliberately indifferent to plaintiff's medical needs. To the contrary, the documents indicate

11

that the plaintiff was examined by a physician, he was prescribed antibiotics, he was taken to see an outside specialist, and he eventually had surgery on his eye. Nothing in the complaint provides any basis for concluding that the lapse of time between the bite and the surgery resulted from deliberate indifference[6] or that he was injured by the delay.

Moreover, the complaint does not demonstrate that the failure to provide him with eyeglasses constituted cruel and unusual punishment. The complaint contains no indication of the extent to which the plaintiff's vision is impaired, either before or after the spider bite. The Sixth Circuit has rejected an Eighth Amendment claim based on a failure to provide prescription lenses. Bellah v. McGinnis, No. 94-1074, 1994 WL 664926, at *1 (6th Cir. Nov. 23, 1994) ("moderate nearsightedness does not constitute a serious medical need").

Accordingly, the Court DISMISSES the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted, except that the plaintiff's claim concerning the injury to his foot is DISMISSED without prejudice pursuant to 42 U.S.C. § 1997e(a).

---

[6] Even if medical personnel initially failed to realize the severity of the plaintiff's injury—and nothing in the complaint shows that to be the case—medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at 105-06 ; see also Sanderfer v. Nichols, 62 F.3d 151, 154 (6th Cir. 1995) ("Deliberate indifference . . . does not include negligence in diagnosing a medical condition.").

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and he may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[7] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth

---

[7] Effective November 1, 2003, the fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

13

Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim or as frivolous.[8]

IT IS SO ORDERED this 19th day of April, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[8] The fact that many of plaintiff's claims have been dismissed for failure to exhaust does not preclude the imposition of a strike on the basis of claims that were dismissed for failure to state a claim or as frivolous. Clemons v. Young, 240 F. Supp. 2d 639 (E.D. Mich. 2003).

14

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:04-CV-03040 was distributed by fax, mail, or direct printing on April 20, 2005 to the parties listed.

---

Alexander Mejia
W.T.S.P.
381530
P.O. Box 1150
Henning, TN 38041

Honorable J. Breen
US DISTRICT COURT